UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:25-cv-00323-SRC |
| | ) |
| ASTRANA HEALTH, INC., | ) |
| | ) |
| Defendant. | ) |

**Memorandum and Order**

Cedric Greene (a California resident) sued Astrana Health, Inc. (a California-based healthcare company) for altering his contact information without his consent, doc. 1, and moved to proceed *in forma pauperis*, doc. 2. But based on Greene's baseless filings in this Court and in other courts around the country, the Court denies Greene's motion. Greene must therefore pay the full $405 filing fee no later than September 23, 2025.

**I.   Background**

Since March 5, 2025, Greene has filed more than 30 cases pro se and *in forma pauperis* in this Court. *See In re: Cedric Greene*, No. 4:25-mc-00784-SRC (E.D. Mo. July 17, 2025), doc. 1 at 1 (listing cases) (The Court cites to page numbers as assigned by CM/ECF.). The judges of this Court have dismissed these cases preservice for reasons including improper venue, want of jurisdiction, and a finding of maliciousness. *See id.* at 2. On August 13, 2025, the Court, acting en banc, issued an order requiring Greene to obtain leave of Court before initiating any new action in this District. *See In re: Cedric Greene*, No. 4:25-mc-00784-SRC, doc. 3 at 2–3. Though this case precedes the Court's en banc order, the order illustrates the Court's view of Greene's litigation history.

Greene also has a similar litigation history in other federal courts. In 2016, the Supreme Court of the United States found that Greene had "repeatedly abused" its process, and directed its Clerk to refuse to accept future *in forma pauperis* petitions from him in noncriminal matters. *See In re Greene*, 578 U.S. 974 (2016). In 2024, the United States Court of Federal Claims estimated that Greene had filed more than 300 cases in federal courts throughout the country, and concluded that his abuse of the judicial system precluded him from proceeding *in forma pauperis* in that court. *Greene v. U.S.*, 169 Fed. Cl. 334, 339 (2024).

In *Greene v. Sprint Nextel Corp.*, the United States Court of Appeals for the Tenth Circuit noted filing restrictions imposed on Greene in the Ninth and Tenth Circuit courts, as well as federal district courts in Kansas, Utah, California, and Nevada. 750 F. App'x 661, 666 n.3 (10th Cir. 2018). And the United States District Court for the Central District of California has deemed Greene a vexatious litigant. *See Greene v. Men's Central Jail, et al.*, Case No. 2:11-cv-02359-UA-SS, doc. 15 (C.D. Cal. May 10, 2011). This Court takes judicial notice of the foregoing records. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (noting that courts may take judicial notice of judicial opinions).

In this case, Greene provides a California address for himself and states that Astrana Health is in Monterey Park, California. Doc. 1 at 2. Greene alleges that Astrana altered his contact information without his consent, resulting in Greene not receiving important information about the status of his medical referrals. *Id*. at 5. He indicates that he sought relief from the Monterey Park City Clerk's Office but never received a response. *Id*. at 6. Greene seeks $80,000 in damages. *Id.* at 7. And before the Court could address his motion to proceed *in forma pauperis*, he filed a motion to transfer this case to Mississippi, citing to 28 U.S.C. § 1404(a). Doc. 4.

**II.     Discussion**

Under 28 U.S.C. § 1915(a)(1) the Court "may" allow a plaintiff to commence a lawsuit "without prepayment of fees or security therefor" if the person submits certain financial information. "[T]he decision whether to grant or deny *in forma pauperis* status is within the sound discretion of the trial court." *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (emphasis added). "An *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987) (emphasis added). "To discourage the filing of baseless litigation and conserve judicial resources, this Court has a duty to deny *in forma pauperis* status to those who have abused the judicial system." *Greene v. Housing Auth. of the City of Los Angeles*, No. 4:25-cv-00683-HEA, 2025 WL 1392575, at *2 (E.D. Mo. May 13, 2025) (emphasis added) (citing *In re Sindram*, 498 U.S. 177, 180 (1991) and then citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

Based on Greene's track record of repeatedly filing baseless lawsuits around the country as described above, the Court denies Greene's motion for leave to proceed *in forma pauperis*, doc. 2. The Court orders Greene to pay the full $405 filing fee no later than September 23, 2025. The Court warns Greene that if he fails to pay the full filing fee by September 23, the Court will dismiss this action without prejudice and without further notice.

**III.     Conclusion**

Accordingly, the Court denies Greene's [2] motion for leave to proceed *in forma pauperis*. The Court orders Greene to pay the full $405 filing fee no later than September 23, 2025. If Greene does not pay the full $405 filing fee by September 23, the Court will dismiss this action without prejudice and without further notice.

So ordered this 9th day of September 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE